IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONNIE IMAN, | ) | Case No. 3:19-cv-36 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| BOROUGH OF MEYERSDALE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

### I. Introduction

Pending before the Court is Defendant Borough of Meyersdale's (the "Borough") Motion to Dismiss Under F.R.C.P. 12(b)(6) (ECF No. 6). Plaintiff Connie Iman failed to file a response to the Motion within the 21-day response period. Thus, the Borough's Motion is ripe for disposition.

For the reasons that follow, the Borough's Motion is **GRANTED IN PART** and **DENIED IN PART**.

### II. Jurisdiction and Venue

Ms. Iman brings two federal claims over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

Venue is proper in the Western District of Pennsylvania under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events and omissions giving rise to Ms. Iman's claims occurred in this District and the property that is the subject of this action is situated in this District.

### III. Background[1]

On August 21, 2013, Ms. Iman purchased real property located at 306 Main Street, Meyersdale, Pennsylvania (the "Subject Property"). (ECF No. 1 ¶ 8.) The Subject Property was destroyed by a fire on April 29, 2015. (*Id.* ¶ 9.)

On April 30, 2015, a Borough Councilwoman approached Ms. Iman and offered to purchase the Subject Property for $6,000. (*Id.* ¶ 10.)

Then, on November 8, 2016, the Borough passed Resolution 12-2016 authorizing the taking of the Subject Property. (*Id.* ¶ 11.) The stated purpose of the Resolution was to eliminate blight in the Borough and create a public park. (*Id.* ¶ 12.)

On December 29, 2016, the Borough advised Ms. Iman that if she failed to provide a reasonable request for the purchase of the Subject Property, the Borough would proceed with an eminent-domain action. (*Id.* ¶ 13.) In response, Ms. Iman gave the Borough a list detailing the $36,479.23 in expenses she incurred in purchasing the Subject Property and improving it after the fire. (*Id.* ¶ 14.) The Borough "unjustly" rejected Ms. Iman's reasonable request for these expenses and filed a Declaration of Taking of the Subject Property on April 7, 2017, in the Somerset County Court of Common Pleas. (*Id.* ¶¶ 15-16.) Ms. Iman filed Preliminary Objections to the Declaration, and the Borough responded by filing an Amended Declaration of Taking. (*Id.* ¶¶ 18-19.) The Court of Common Pleas overruled the Preliminary Objections and appointed a Board of Viewers. (*Id.* ¶¶ 20-21.)

On January 18, 2019, Ms. Iman and the Borough agreed upon a monetary settlement in

---

[1] The factual allegations in this Background are taken from Ms. Iman's Complaint (ECF No. 1) and are assumed to be true for purposes of deciding the present Motion.

2

the amount of $5,000. (*Id.* ¶ 23.) In the settlement agreement (the "Settlement"), Ms. Iman reserved the right to file a federal civil-rights action related to the Borough's exercise of its eminent-domain power. (*Id.*)

Ms. Iman alleges that $5,000 does not represent just compensation for the taking of her property. (*Id.* ¶ 24.) Further, she believes that the Borough intentionally treated her differently than similarly situated property owners without a rational basis for this differential treatment. (*Id.* ¶ 26.) She also alleges that the Borough's actions were not supported by a legitimate purpose and were motivated by animosity toward her. (*Id.* ¶ 27.)

On March 6, 2019, Ms. Iman filed her Complaint (ECF No. 1). In the Complaint, she brings two counts against the Borough under 42 U.S.C. § 1983. (*Id.*) In Count I—Unlawful Taking, Ms. Iman claims that the Borough's taking of the Subject Property was not rationally related to a conceivable public purpose and that the Borough did not pay her just compensation for the taking of the Subject Property, in violation of the Takings Clause of the United States Constitution. (*Id.* ¶¶ 30-31.) In Count II—Equal Protection—Class of One, Ms. Iman claims that there was no rational basis for the difference in treatment between her and other similarly situated property owners. (*Id.* ¶ 36.)

The Borough filed its Motion to Dismiss (ECF No. 6) and brief in support (ECF No. 7) on May 7, 2019.

First, the Borough argues that the case is moot because Ms. Iman has already been made whole under Pennsylvania eminent-domain law. (ECF No. 6 ¶ 39.)

Second, the Borough asserts that the doctrine of claim preclusion prohibits this Court from reconsidering issues that were addressed by the Somerset County Court of Common Pleas. (*Id.*

3

at 5.)

Third, the Borough seeks to dismiss Count I because Ms. Iman received the maximum amount allowed by law for the taking of her property, and the Borough took Ms. Iman's property for a conceivable public purpose—the creation of a public park. (*Id.* at 4-5.)

Fourth, the Borough seeks dismissal of Count II because Ms. Iman does not plausibly allege the existence of similarly situated property owners or that she was treated differently than those owners. (ECF No. 6 ¶¶ 31-32, 35.)

Ms. Iman did not file a response to the Borough's Motion within this Court's 21-day response period.

## IV. Legal Standard

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction[2]

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), under which a complaint may be dismissed for lack of subject-matter jurisdiction, puts the court's "very power to hear the case" at issue. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). There are two types of Rule 12(b)(1) challenges: facial and factual. *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632-33 (3d Cir. 2017); *Hartig Drug Co. Inc. v. Senju Pharm. Co. Ltd.*, 836 F.3d 261, 268 (3d Cir. 2016).

A facial challenge "attacks the complaint on its face without contesting its alleged facts."

---

[2] The Borough does not explicitly bring its Motion to Dismiss pursuant to Rule 12(b)(1). However, the Borough does seek to dismiss the Complaint on mootness grounds. As will be discussed below, a mootness challenge is a challenge to a court's jurisdiction to hear a case. Therefore, the Court construes the Borough's Motion as a motion under Rule 12(b)(1) to the extent the Borough raises a mootness argument.

4

*Hartig*, 836 F.3d at 268. This type of challenge is treated like a Rule 12(b)(6) motion, discussed *infra*, in that the court must assume that the complaint's well-pleaded factual allegations are true. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016); *Hartig*, 836 F.3d at 268. Facial challenges address issues such as whether the complaint presents a question of federal law or pleads diversity jurisdiction, and such attacks can occur before the moving party has filed an answer. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

In contrast, a factual attack "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* This challenge "allows the defendant to present competing facts," *id.*; *see Davis*, 824 F.3d at 346, and the court does not assume that the plaintiff's allegations are true. *Davis*, 824 F.3d at 346. For example, "while diversity of citizenship might have been adequately pleaded by the plaintiff, the defendant can submit proof that, in fact, diversity is lacking." *Constitution Party*, 757 F.3d at 358.

In order to distinguish facial and factual attacks, the court looks to the stage of the proceedings: if a complaint is challenged under Rule 12(b)(1) before the defendant answered the complaint or otherwise presented competing facts, it is a facial attack. *Id.*; *Davis*, 824 F.3d at 346.

Here, the Borough has not yet filed an answer but has presented competing evidence (*see* ECF No. 6 at 7-93) that it references in its mootness argument. Therefore, the Borough's Motion to Dismiss, to the extent it is based on mootness and Rule 12(b)(1), will be treated as a factual attack on this Court's subject-matter jurisdiction.[3]

---

[3] Even if the Borough's Motion under Rule 12(b)(1) were properly construed as a facial attack on this Court's subject-matter jurisdiction, the Court would still deny the Motion, as explained below.

5

## B. Motion to Dismiss for Failure to State a Claim

A complaint may be dismissed under Federal Rule of Civil Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). But detailed pleading is not generally required. *Id.* The Rules demand only "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

Under the pleading regime established by the Supreme Court, a court reviewing the sufficiency of a complaint must take three steps.[4] First, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Connelly*, 809 F.3d at 786. Ultimately,

---

[4] Although the Supreme Court described the process as a "two-pronged approach," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), the Court noted the elements of the pertinent claim before proceeding with that approach, *id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach. *See Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).

6

the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

V. Discussion

A. The Court will not dismiss the Complaint on mootness grounds.

First, the Borough argues that Ms. Iman's claims are moot.[5] (ECF No. 6 ¶ 39.)

Under Article III of the United States Constitution, federal court jurisdiction extends only to "cases" and "controversies." U.S. Const. art. III, § 2; *see Susan B. Anthony v. Driehaus*, 134 S. Ct. 2334, 2341 (2014); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997); *N.J. Turnpike Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 30 (3d Cir. 1985). "In our system of government, courts have 'no business' deciding legal disputes or expounding on law in the absence of such a case or controversy." *Already*, 568 U.S. at 90. This "case or controversy" requirement encompasses, *inter alia*, the mootness doctrine. *See Friends of the Earth*, 528 U.S. at 180; *Arizonans for Official English*, 520 U.S. at 64, 67; *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983).

Under the mootness doctrine, "[t]o qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English*, 520 U.S. at 67 (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)); *see Already*, 568 U.S. at 90-91. An actual controversy does not exist, rendering a case moot, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in

---

[5] The Court construes this argument as being raised under Rule 12(b)(1), as explained above. *See supra* note 2.

7

the outcome." *Already*, 568 U.S. at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)); *N.J. Turnpike Auth.*, 772 F.2d at 31. A live controversy exists "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307-08 (2012) (quoting *Ellis v. Ry. Clerks*, 466 U.S. 435, 442 (1984)). But "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996).

The Borough asserts that this case is moot because Ms. Iman has already been made whole through the state-court eminent-domain proceedings. (ECF No. 6 ¶ 39.) The Court disagrees. The purpose of the mootness doctrine is to "ensure[] that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit." *Freedom from Religion Found. v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 476 (3d Cir. 2016) (quoting *Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir. 1993)). This doctrine is simply not implicated in this case—the Borough identifies no events that occurred since the initiation of this lawsuit that eliminate Ms. Iman's personal stake in the outcome or prevent this Court from granting the requested relief. *See Blanciak*, 77 F.3d at 698. The Borough's claim that Ms. Iman has already received the maximum compensation to which she is entitled goes to the merits of the dispute and does not moot Ms. Iman's constitutional claims.

Therefore, while the Borough may be correct that Ms. Iman has been made whole through the state-court eminent-domain proceedings, those proceedings do not moot the current controversy.

## B. The Court will not dismiss the Complaint pursuant to the doctrine of claim preclusion.

Next, the Borough asserts that the doctrine of claim preclusion prohibits this Court from reconsidering issues that were already addressed by the Somerset County Court of Common Pleas. (ECF No. 7 at 5.)

Claim preclusion, or *res judicata*, is "a defense asserted when a case is essentially identical to one that has previously been adjudicated." *R & J Holding Co. v. Redev. Auth. of Cty. of Montgomery*, 670 F.3d 420, 426-27 (3d Cir. 2011). Under this doctrine, "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995). "For claim preclusion to apply, Pennsylvania requires that the two actions share the following four conditions: (1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." *R & J Holding*, 670 F.3d at 427 (citing *Bearoff v. Bearoff Bros., Inc.*, 327 A.2d 72, 74 (Pa. 1974)).

The Third Circuit has noted that a modified form of claim preclusion applies when a settlement agreement is involved. *See Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008). While "[j]udicially approved settlement agreements are considered final judgments on the merits for the purposes of claim preclusion," *Conceicao v. Nat'l Water Main Cleaning Co.*, 650 F. App'x 134, 135 (3d Cir. 2016) (citing *Langton v. Hogan*, 71 F.3d 930, 935 (1st Cir. 1995)), "[t]he express terms of a settlement agreement . . . determine the bounds of preclusion after a settlement," *Toscano*, 288 F. App'x at 38.

Here, the final judgment on the merits that is apparent from the record is the Settlement. In the Settlement, Ms. Iman expressly reserved the right to file a federal civil-rights action related

9

to the Borough's exercise of its eminent-domain power.[6] (ECF No. 1 ¶ 23; ECF No. 6 at 88.) Therefore, by the Settlement's terms, the instant federal claims are not precluded. *See Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1289 (11th Cir. 2004) ("[P]arties may avoid part of the *res judicata* effect of a consent-based dismissal simply by making an 'express reservation' of the right to sue on a particular claim in the future."). The Court thus **DENIES** the Borough's Motion to Dismiss to the extent the Borough argues that claim preclusion bars the present lawsuit.

### C. The Court will dismiss the public-use claim of Count I and will deny dismissal of the just-compensation claim.

In Count I, Ms. Iman claims that the Borough violated the Fifth Amendment's Takings Clause. Under the Takings Clause, the federal government may take private property for public use if it pays just compensation. *See* U.S. Const. amend. V. This Clause applies to state and local governments through the Due Process Clause of the Fourteenth Amendment. *See Whittaker v. Cty. of Lawrence*, 674 F. Supp. 2d 668, 679 (W.D. Pa. 2009) (citing *Palazzolo v. Rhode Island*, 533 U.S. 606, 611 (2001)).

Ms. Iman asserts that the Borough violated both the public-use and just-compensation provisions of the Takings Clause by (1) taking the Subject Property for an improper purpose—animosity toward her (the "public-use claim")—and (2) failing to pay just compensation (the "just-compensation claim").[7] (ECF No. 1 ¶¶ 30-31.)

The Borough seeks to dismiss Count I for failure to state a claim because (1) the Borough

---

[6] The Court may consider the terms of the Settlement, which was attached to the Borough's Motion to Dismiss, solely for purposes of addressing the applicability of claim preclusion. *See Conceicao*, 650 F. App'x at 135.

[7] Although Ms. Iman addresses the alleged public-use and just-compensation violations in one count, the Court discusses these violations as separate claims because they implicate different legal doctrines.

10

took the Subject Property for a conceivable public purpose—the creation of a public park, and (2) Ms. Iman received the maximum amount allowed by law for the taking of her property. (ECF No. 7 at 4-5.)

The Court agrees that dismissal of the public-use claim is appropriate. Generally, "[a] taking effected for a purely private purpose or under the pretext of a public purpose would not withstand constitutional scrutiny." *Am. Express Travel Related Servs. Co., Inc. v. Sidamon-Eristoff*, 755 F. Supp. 2d 556, 578 (D.N.J. 2010) (citing *Carole Media LLC v. N.J. Transit Corp.*, 550 F.3d 302, 309 (3d Cir. 2008)); *see Kelo v. City of New London*, 545 U.S. 469, 478 (2005) ("Nor would the City be allowed to take property under the mere pretext of a public purpose, when its actual purpose was to bestow a private benefit."). Thus, were Ms. Iman to plausibly allege facts suggesting that the Borough took the Subject Property for a purely private purpose or under the pretext of a public purpose, she would likely state a claim for a violation of the Takings Clause. But Ms. Iman's conclusory allegation that the taking of the Subject Property was motivated "purely by Defendant Borough's unexplained animosity towards the Plaintiff" (ECF No. 1 ¶ 27)— particularly in light of her recognition that the stated purpose for the taking was to eliminate blight and create a public park (*id.* ¶ 12)—is insufficient to plausibly allege a purely private purpose for the taking. *See Carole Media*, 550 F.3d at 311 (finding a conclusory allegation that the government entity took property "solely to benefit a private party" insufficient to state a claim under the Takings Clause). Ms. Iman's public-use claim must therefore be dismissed without prejudice.

However, the Court declines to dismiss Ms. Iman's just-compensation claim.

11

In seeking dismissal of this claim, the Borough relies on facts that are not alleged in Ms. Iman's Complaint. For example, the Borough asserts that it paid $1000 more for the Subject Property than its fair market value. (ECF No. 7 at 4.) It claims that the fair market value is established by an appraisal that it attaches to its Motion. (*Id.*; ECF No. 6 ¶ 12; ECF No. 6 at 73-83.) It also asserts that it paid Ms. Iman $4,000 for attorney fees, as established by the parties' Settlement, which it also attaches to its Motion. (ECF No. 7 at 4; ECF No. 6 ¶ 15; ECF No. 6 at 86-93.) However, the Court cannot properly consider these facts at the motion-to-dismiss stage.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *See Pension Benefit Guar. Corp. v. White Cons. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

"For purposes of a motion to dismiss . . . , matters of public record do not include all documents which may be accessible to the public." *In re Rockefeller Ctr. Props., Inc., Secs. Litig.*, 184 F.3d 280, 293-94 (3d Cir. 1999). Instead, "[c]ourts have defined a public record, for purposes of what properly may be considered on a motion to dismiss, to include criminal case dispositions such as convictions or mistrials, letter decisions of government agencies, and public reports of administrative bodies." *Pension Benefit Guar. Corp.*, 998 F.2d at 1197 (citations omitted). These documents constitute public records as the public has "unqualified access" to them. *Id.* Judicial opinions and preliminary-hearing transcripts may also be considered public records at the motion-to-dismiss stage. *See Logan v. Bd. of Educ.*, Civ. No. 15-499, 2017 WL 1001602, at *3 n.5 (W.D. Pa. Mar. 15, 2017) (citing *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007)), *aff'd*, 742 F. App'x 628 (3d Cir. 2018). Neither the appraisal nor the Settlement meet this definition of public record.

Courts may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp.*, 998 F.2d at 1197. But Ms. Iman does not base her claims on the appraisal or Settlement, nor are these documents integral to her Complaint. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (refusing to consider extraneous documents at the motion-to-dismiss stage because they were not "integral to" the complaint).

Because the Court cannot consider the appraisal or Settlement at the motion-to-dismiss stage,[8] the Court rejects the Borough's argument that Count I must be dismissed. (ECF No. 7 at 4-5.) By alleging that she spent $36,479.23 on purchasing and improving the Subject Property and that she only received $5,000 from the Borough for the taking of the Subject Property, Ms. Iman has stated a claim for failure to pay just compensation under the Takings Clause.

Assuming *arguendo* that the Court could consider the appraisal and Settlement, the fact that the Borough paid more for the Subject Property than recommended by its appraisal does not conclusively establish at the motion-to-dismiss stage that the Borough paid Ms. Iman just compensation. The determination of just compensation is an intensive inquiry that generally involves expert testimony and detailed analyses of appraisals. *See Columbia Gas Transmission, LLC v. An Easement to Construct, Operate & Maintain a 20-Inch Gas Transmission Pipeline Across Properties in Washington Cty., Pa.*, CIVIL ACTION NO. 16-1243, 2017 WL 1355418, at *2-6 (W.D. Pa. Apr. 13, 2017) (determining just compensation at summary judgment by evaluating the parties' expert testimony and the methodologies in their appraisals); *Tenn. Gas Pipeline Co. v. Permanent Easement*

---

[8] Except as discussed *supra* in note 6.

13

*for 1.7320 Acres*, Civil Action No. 3:CV-11-028, 2014 WL 690700, at *11 (M.D. Pa. Feb. 24, 2014) (determining just compensation after a non-jury trial by considering the testimony of various experts). Such a determination is best left to a later stage in the litigation.

In sum, the Court **GRANTS** the Borough's Motion to Dismiss Ms. Iman's public-use claim **WITHOUT PREJUDICE**. The Court **DENIES** the Borough's Motion to Dismiss Ms. Iman's just-compensation claim.

### D. The Court will dismiss Count II for failure to state a claim.

In Count II, Ms. Iman brings a "class-of-one" claim for a violation of the Equal Protection Clause of the Fourteenth Amendment. She asserts that the Borough treated her differently than it treated similarly situated property owners and that there was no rational basis for this differential treatment. (ECF No. 1 ¶¶ 25-26, 36.)

The Borough argues that this Count must be dismissed because Ms. Iman fails to identify similarly situated property owners and to plausibly allege differential treatment. (ECF No. 6 ¶¶ 31-32, 35.) The Court agrees.

"To state a claim under [a class-of-one equal-protection theory], a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

In her Complaint, Ms. Iman simply restates these elements, which is not sufficient to survive a motion to dismiss. *See Burtch*, 662 F.3d at 224 ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation omitted)). For example, Ms. Iman states that the Borough "intentionally treated [her] differently than other, similarly situated

14

individuals who own property located in the Borough." (ECF No. 1 ¶ 25.) But she does not identify the similarly situated individuals, nor does she explain how she was treated differently than those individuals. *See Perano v. Twp. of Tilden*, 423 F. App'x 234, 238 (3d Cir. 2011) ("At the motion to dismiss stage, [the plaintiff] must allege facts sufficient to make plausible the existence of such similarly situated parties." (citing *Iqbal*, 556 U.S. at 678; *Toussie v. Town Bd. of E. Hampton*, No. CIVA 08-1922 DRH WDW, 2010 WL 597469, at *6 n.3 (E.D.N.Y. Feb. 17, 2010))); *Mann v. Brenner*, 375 F. App'x 232, 238 (3d Cir. 2010) (affirming the dismissal of an equal-protection claim when the plaintiff failed to plausibly plead that he was treated differently than similarly situated individuals); *Pazicni v. Miller*, Civil Action No. 17-117, 2017 WL 2418688, at *6 (W.D. Pa. June 5, 2017) (Fischer, J.) (dismissing a class-of-one claim because the plaintiff did not identify similarly situated individuals or point to instances where those individuals were treated differently than her); *Fouse v. Beaver Cty.*, No. 2:14-cv-00810, 2014 WL 5585933, at *3 n.9 (W.D. Pa. Nov. 3, 2014) (Hornak, J.) (explaining that a plaintiff was unable to assert a class-of-one claim because he failed to identify similarly situated individuals who were treated differently by the defendants). "Without more specific factual allegations as to the allegedly similarly situated parties, [s]he has not made plausible the conclusion that those parties exist and that they are like [her] in all relevant aspects." *Perano*, 423 F. App'x at 238-39.

Therefore, the Court **GRANTS** the Borough's Motion to Dismiss Count II **WITHOUT PREJUDICE.**

VI. **Conclusion**

In sum, the Court **GRANTS** the Borough's Motion to Dismiss Ms. Iman's public-use claim **WITHOUT PREJUDICE.** The Court **DENIES** the Borough's Motion to Dismiss Ms. Iman's just-

15

compensation claim. Finally, the Court **GRANTS** the Borough's Motion to Dismiss Count II **WITHOUT PREJUDICE**.

A corresponding order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONNIE IMAN, | ) | Case No. 3:19-cv-36 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| BOROUGH OF MEYERSDALE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

NOW, this 8th day of July, 2019, upon consideration of the Borough of Meyersdale's Motion to Dismiss Under F.R.C.P. 12(b)(6) (ECF No. 6), and for the reasons set forth in the Memorandum Opinion accompanying this Order, it is **HEREBY ORDERED** that the Borough's Motion is **GRANTED IN PART** and **DENIED IN PART**. The Borough's Motion to Dismiss is **GRANTED** as to Count I to the extent Ms. Iman claims her property was taken for a private purpose but **DENIED** as to Count I's just-compensation claim. The Borough's Motion is also **GRANTED** as to Count II. Count I's public-use claim and Count II are **DISMISSED WITHOUT PREJUDICE**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE